IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Ryan Warren,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Scottsdale Treatment Institute PLC,<br><br>　　　　　Defendant. | No. CV-14-01497-PHX-SRB<br><br>**ORDER** |

  Pending before the Court is Defendant's Rule 59(a) Motion for New Trial or, in the Alternative, Rule 59(e) Motion to Alter or Amend the Judgment Because the Damage Award is Excessive. Plaintiff filed a Response. Defendant did not reply.

  Defendant's motion argues that two of the damage awards made by the jury were excessive. Defendant argues that the jury was tainted by passion and prejudice when they awarded $85,000 for emotional distress and that there was no evidence of an estimation of the uncompensated hours worked by the Plaintiff between 2006 and June 13, 2011 to support the Arizona Minimum Wage Act verdict of $62,263 for this time period. Plaintiff responds that there was sufficient evidence to support the $85,000 award for emotional distress and that neither a new trial nor remitter should be ordered because the jury's award of damages was clearly supported by the evidence and was not grossly excessive, monstrous or shocking to the conscience citing *Brady v. Gebbie,* 859 F2.d 1543, 1557 (9th Cir. 1988). Plaintiff also responds that Defendant waived its argument on the Arizona Minimum Wage Act claim for the period January 1, 2007 to July 1, 2011 by failing to

1 raise this objection at trial and that the award was fully supported by the law and the
2 evidence.

3     During his final argument Plaintiff's counsel accurately summarized the evidence
4 presented in support of Plaintiff's claim for emotional distress damages. He reminded the
5 jury of Plaintiff's testimony about how much he valued his job, how it was his
6 opportunity to give back and help people who were dealing with the same mistakes he
7 had made. Counsel reminded the jury of Plaintiff's testimony about how much he
8 enjoyed a career helping people and the good feeling he got when he met former clients
9 outside the work place who were grateful for his assistance. Counsel also reminded the
10 jury about how concerned Mr. Warren was for his existing clients when he lost his job
11 because some of those clients were so dependent on his help to deal with their issues.
12 Plaintiff's counsel summarized the evidence about Mr. Warren's deep emotional
13 connection to his co-workers who he described as his work family and his co-workers
14 testimony about Mr. Warren being a team player and always available to help his co-
15 workers. Plaintiff's counsel suggested that while it was up to the jury to place a dollar
16 value on the emotional distress damages that a sum of perhaps $90,000, which would be
17 the equivalent of approximately two-years wages, might be appropriate. The jury
18 awarded $85,000.

19     In light of the evidence, this award of damages for emotional distress cannot be
20 characterized as grossly excessive, monstrous or shocking to the conscience. The Court
21 does not believe that passion and prejudice tainted the jury's finding of the amount of
22 damages to be awarded for emotional distress. The Court disagrees with Defendant's
23 assertion that Plaintiff put on minimal evidence of emotional distress and finds that
24 Plaintiff's response accurately summarizes the extensive evidence about the emotional
25 distress Plaintiff suffered as a result of his termination by Defendant.

26     Defendant also argues that there was no evidence of an estimate of the number of
27 hours Plaintiff worked between 2006 and June 13, 2011 to support the $62,653 award for
28 this period and that Plaintiff put on no evidence of his hire date. As a preliminary matter,

the Court notes that the time period in question was from January 1, 2007 to July 1, 2011 and it was a stipulated fact in the parties' Joint Pretrial Order that Defendant employed Plaintiff as a behavioral health technician/counselor "from approximately 2006 to April 22, 2014." Joint Pretrial Order at p. 6 (Doc. 52).

Plaintiff argues that Defendant has waived any argument by failing to object to the submission of this time period to the jury. The Court agrees. If there were a failure of evidence from the Plaintiff of an estimate of the number of uncompensated hours he worked from January 1, 2007 to July 1, 2011 Defendant had an obligation to object before the jury was instructed and before a stipulated verdict form was submitted to the jury. Even if this argument had not been waived, it is meritless. Plaintiff testified at trial concerning the average number of uncompensated hours he worked per week from the time he was first employed by Defendant until his termination. The jury's award is fully supported by the evidence.

IT IS ORDERED denying Defendant's Rule 59(a) Motion for New Trial or, in the Alternative, Rule 59(e) Motion to Alter or Amend the Judgment Because the Damage Award is Excessive. (Doc. 94)

Dated this 7th day of January, 2016.

_____
Susan R. Bolton
United States District Judge